Story, J.,
 

 delivered the opinion of the court.
 

 This case cannot be distinguished from that of
 
 The Rapid.
 
 It was there decided, that property engaged in an illicit intei-course with the enemy, is *3841 t0 confiscation *as prize of war, and the only remaining ques-J tion now before us, is, to Avhom it shall be condemned — to the captors, or to the United States ?
 

 By the general laAv of prize, property engaged in an illegal intercourse with the enemy, is deemed enemy property. It is of no consequence, Avhether it belong to an ally or to a citizen; the illegal traffic stamps it with the hostile character, and attaches to it all the penal consequences of enemy OAAmership. In conformity with this rule, it has been solemnly adjudged, by the same course of decisions Avhich has established the illegality of the intercourse, that the property engaged therein must be condemned as prize to the captors, and not to the croAvn. This principle has been fully recognised by Sir William Scott, in
 
 The Nelly,
 
 1 Rob. 219 ; and indeed, seems never to have admitted a serious doubt.,
 

 But a claim is interposed by the United States, claiming a priority of right to the property in question, upon the ground of an antecedent forfeiture to the United States, by a violation of the non-intercourse act (of March 1st, 1809, § 5, 2 U. S. Stat. 529), the goods having been put on board at a British port, Avith an intent to import the same into the United States. We are all of opinion, that this claim ought not to prevail. The municipal forfeiture under thd non-intercourse act, Avas absorbed in the more general operation of the law of war. The property of an enemy seems hardly to be Avithin the purview of mere municipal regulations ; but is confiscable under the^ws
 
 gentium.
 

 But even if the doctrine were otherwise, Avhich we do not admit, we are all satisfied, that the prize act of 26th June 1812, ch. 107, operates as a grant from the United States of all property rightfully captured by commissioned privateers, as prize of war. The language of the 4th, 6th and 14th sections is decisive. The decree of the circuit court, condemning the vessel and cargo to the captors, is affirmed.
 

 Decree affirmed.